

# OVED & OVED
### ATTORNEYS

August 4, 2026

**VIA ECF**

Magistrate Judge Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

Re:    ***Flybar Inc. v. Express Trade Capital, Inc. et al.,***
        ***<u>No. 1:25-cv-00618-VSB-GS (S.D.N.Y.)</u>***

Dear Judge Stein:

Plaintiff opposes Defendants' request for a 60-day extension (Dkt. 71).  Contrary to Defendants' assertion, Plaintiff responded before Defendants filed their letter: "We do not consent to any extension of the discovery deadline.  Our document production is more than substantially complete."  **Ex. 1**.  Plaintiff also advised that it expects to make a supplemental text-message production before the scheduled depositions.  *Id.*  The text message production has been delayed due to technical difficulties in collection, but these are minor productions.

While Defendants' production, in contrast, is far from complete, [1] Plaintiff does not seek to delay the noticed depositions of Defendants' witnesses.  The remaining productions can be completed promptly, and any necessary follow-up can be addressed without suspending depositions.  Plaintiff therefore respectfully requests that the Court deny Defendants' extension request or, at minimum, direct that Plaintiff's noticed depositions of Defendants' witnesses proceed as scheduled parties complete any remaining document discovery.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Stephen Schweizer*
Stephen Schweizer, Esq.

---

[1]  Plaintiff has pointed Defendants to particular parts of their production indicating that critical materials are missing, but Defendants have yet to fill these holes.  For example, on July 21, Plaintiff again requested documents from the personal email accounts of Drew Cohen, David Estrakh, and Peter Stern because Defendants' production showed those accounts were used for Surf 9 business.  **Ex. 2**.  Defendants responded on August 4 that they had produced "the responsive documents from Defendants' custodians' personal email accounts."  **Ex. 3**.  Yet that production consists almost entirely of repetitive drafts from Mr. Estrakh's Gmail account, contains no personal-account emails from Cohen or Stern, and contains no emails from the critical October and November 2024 period.  Defendants also have not acknowledged Plaintiff's July 10 Second Request for Production, which seeks targeted materials obtained or exchanged in related proceedings concerning the Surf 9, Olden, and Flybar transactions.