LAMONICA HERBST & MANISCALCO, LLP
*Moving Forward. Staying Ahead.®*

**Lon J. Seidman, Esq.**
**Partner**
**516.826.6500 x207**
ls@lhmlawfirm.com

September 8, 2026

**VIA ECF**
Magistrate Judge Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

MEMO ENDORSED

**Re: Flybar Inc. v. Express Trade Capital, Inc., *et al.*,**
**Case No. 1:25-cv-00618-VSB-GS**

Dear Judge Stein:

This firm is co-counsel to Defendants.

Pursuant to Rule II.C of Your Honor's Individual Practices and the Court's August 10, 2026 Order (ECF No. 76), Defendants respectfully submit this letter-motion (the "Letter-Motion") for an order: (i) compelling Plaintiff to produce within 7 days all of Plaintiff's outstanding ESI, including (a) the ESI from the personal email accounts of Plaintiff's five (5) ESI custodians; (b) the text messages, SMS and WhatsApp messages from Plaintiff's five (5) ESI custodians to the extent not yet produced;[1] (c) in usable (native) format, the inaccessible items contained among the production of the Saul Wolhendler text messages that were identified in Defendant's counsel's August 9 emails to Plaintiff's counsel; and (iii) denying Plaintiff's demand that Defendants gather and produce the pre-search-term Gmail collection metrics for Defendants Cohen and Stern (and Defendants' custodian David Estrakh), whose personal ESI has already been collected, searched and produced to Plaintiff in discovery.

**The August 10 Discovery Issues and the Request for an Extension**

On August 10, 2026, Defendants sought an extension of the fact discovery deadline because: (i) Plaintiff had produced the text messages from only one of Plaintiff's five (5) ESI custodians (i.e., Saul Wolhendler); (ii) Plaintiff had not produced any of the personal emails from any of Plaintiff's five (5) ESI custodians; and (iii) there were multiple links and attachments contained among the Saul Wolhendler text messages that were not produced in usable format and could not be reviewed. ECF No. 74.

On August 10, 2026, the Court extended the discovery deadline to October 11, 2026 and authorized the parties to file a motion to compel, if necessary. ECF No. 76.

**The Parties' Meet and Confers**

Over the past several weeks, in accordance with Rule 37 the parties met and conferred about their discovery issues including by written communications dated August 11, 14, 17, 18, 19, and 24, September 3, September 8, and a call on August 25.

A true and correct copy of the parties' email communications is annexed as **Exhibit A.**

---

[1] Although Plaintiff has not yet produced text messages from any of Plaintiff's other four (4) ESI custodians, Plaintiff has indicated that such text messages will be produced, although Plaintiff has not stated when. This Letter-Motion requests an order directing all of Plaintiff's responsive ESI, including such text messages, be produced within 7 days.

**The Discovery Issues Ripe for a Ruling**

Unfortunately, the parties reached an impasse on the following issues:

1) Plaintiff contends it need not produce any personal emails for any of Plaintiff's five (5) ESI custodians unless the Defendants can identify a specific email showing the Plaintiff's custodian(s) use of their personal email account for a relevant communication.

2) Plaintiff has not produced in usable format the various items contained in the production of Mr. Wolhendler's text messages that are unable to be reviewed, as outlined in Defendants' counsel's emails to Plaintiff's counsel dated August 9 (included with **Exhibit A**); and

3) Plaintiff requests that Defendants (who have produced the responsive ESI from their personal email accounts) provide the number of email items in each collected Defendants' custodians' Gmail population before application of the agreed search terms and a statement of whether such count is pre- or post-deduplication.

As explained below, each of Plaintiff's positions lacks merit.

**I. Plaintiff Should Be Compelled To Search Its 5 Custodians' Personal Email Accounts**

First, the Plaintiff's custodians' personal emails are discoverable pursuant to the parties' ESI Protocol (a true and correct copy of which is enclosed as **Exhibit B**).

Courts enforce agreed-upon ESI protocols. See Pincus Law Grp. PLLC v. MJ Connections, Inc., 2025 U.S. Dist. LEXIS 68087, *9 (E.D.N.Y. Apr. 9, 2025) ("Where a dispute arises as to the production of ESI, an ESI protocol that has been mutually entered into by the parties will govern so long as the protocol addresses the issue.") See also We the Protesters, Inc. v. Sinyangwe, 348 F.R.D. 175, 179–80 (S.D.N.Y. 2024) (court looked to enforce parties' ESI protocol but needed to fill in a gap concerning texts because the ESI protocol was incomplete).

Here, the parties' ESI Protocol is complete and defines ESI to include "Email Server Stores (e.g., Gmail...)" and defines "custodian" as "the owner of the mailbox," without limiting either to business accounts. Thus, Plaintiff's position that Defendants need to identify a specific email showing a Plaintiff's custodian's use of a personal email account is baseless. First, the parties' ESI protocol expressly requires the searching of personal accounts such as Gmail accounts. Second, it is impossible for the Defendants to identify what personal emails were sent by and between Plaintiff's custodians, or by and between Plaintiff's custodians and non-parties, if (as was likely the case) such emails were not also sent to the Defendants. And third, Plaintiff has provided no authority that indicates that the Defendants need to make such a showing before Plaintiff is required to search for and produce responsive ESI.

**II. Plaintiff Should Be Compelled To Produce the Multiple Inaccessible Items Contained in Wolhendler's Text Messages in Usable Form**

Next, the ESI protocol requires Plaintiff to produce the information embedded in the Wolhendler text messages in usable form. The ESI Protocol defines discoverable ESI to include "Sound Recordings (e.g., .WAV and .MP3 files)" and "Digital Communications (e.g., email, instant messages, text messages...) …"

Thus, the voice memos and attached documents embedded as inert, unplayable or unopenable icons within the WhatsApp or text message exports from Mr. Wolhendler—which items Defendants have been requesting since Defendants first encountered them on August 9 (see **Exhibit A**)–-are discoverable ESI. Accordingly, Plaintiff should be compelled to produce the voice messages and other documents embedded in the Wolhendler text message production in native format or in a reasonably usable form in accordance with FRCP 34(b)(2)(E)(ii).

**III. Defendants Should Not Be Required To Produce Pre-Search-Term Collection Metrics**

Finally, Defendants request a ruling that Defendants need not comply with Plaintiff's demand that Defendants gather and produce pre-search-term Gmail collection metrics for Defendants Cohen and Stern (and their custodian Estrakh).

Defendants' ESI vendor collected and searched the Defendants' personal email accounts and produced everything responsive to Plaintiff's document requests. Specifically, the Defendants (unlike Plaintiff) had their ESI vendor collect and search Defendants' personal Gmail accounts against the full March 1, 2024-to-present in accordance with the parties' ESI Protocol. Estrakh's Gmail account contained emails that hit upon certain of the parties' agreed-upon search terms, were deemed responsive to Plaintiff's document requests, and were produced to Plaintiff.

Recently, Plaintiff demanded that the Defendants provide to Plaintiff the number of emails in each collected Defendants' custodians' Gmail population before application of the agreed search terms and a statement of whether such count is pre- or post-deduplication. Plaintiff's demand stems largely from a single email, i.e., ETC_00015927, in which Cohen told Estrakh to "check your GMAILs too." See **Exhibit C**.

This email does not concern the Plaintiff Flybar (it reflects a business-address exchange where in Defendants were discussing a competing, non-Flybar proposal from a non-party Gmail sender). Nevertheless, Plaintiff is demanding that Defendants gather and identify for Plaintiff the pre-search-term Gmail collection metrics, month by month, for each of the Gmail accounts for Cohen, Stern and Estrakh. There is no valid basis for this demand. Plaintiff has been unable to provide any legal authority from this circuit to support this demand and the out-of-circuit authority Plaintiff cites in its recent email is clearly inapposite. Neither Am. Mun. Power, Inc. v. Voith Hydro, Inc., 2021 U.S. Dist. LEXIS 53088 (S.D. Ohio Mar. 22, 2021), nor Zunum Aero, Inc. v. Boeing Co., 2024 U.S. Dist. LEXIS 31843 (W.D. Wash. Feb. 7, 2024), required any party to provide any pre-search-term email counts.

## Conclusion

For the above reasons, Defendants respectfully request that the Court grant Defendants' Letter-Motion.

We thank the Court for its assistance.

Respectfully,

Lon J. Seidman

LS:
Enclosures

The Court is in receipt of Defendants' letter motion to compel (Dkt. No. 79) and Plaintiff's opposition thereto (Dkt. No. 80). The Court denies Defendants' letter motion, without prejudice, because it appears that the parties have not yet engaged in a sufficient meet-and-confer process. The parties shall meet and confer on the issues identified therein by no later than Friday, September 25, 2026. Defendants' updated motion to compel, if any, may be filed after such time. The Clerk of Court is respectfully directed to close the open motion at Docket Number 79.

SO ORDERED.

Date: New York, New York
September 15, 2026

Gary Stein
United States Magistate Judge
Southern District of New York