**LAMONICA HERBST & MANISCALCO, LLP**
*Moving Forward. Staying Ahead.®*

**Lon J. Seidman, Esq.**
**Partner**
**516.826.6500 x207**
ls@lhmlawfirm.com

October 9, 2026

**VIA ECF**
Magistrate Judge Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

**Re: Flybar Inc. v. Express Trade Capital, Inc., *et al.*, Case No. 1:25-cv-00618-VSB-GS**

Dear Judge Stein:

This firm is co-counsel to Defendants.

In accordance with the Court's September 15, 2026 Order [ECF 81], Defendants respectfully submit this updated letter-motion (the "Updated Letter-Motion") to compel the production of Plaintiff's outstanding ESI.

Specifically, Defendants request that Plaintiff be compelled to produce the following ESI:

1) responsive ESI from the personal email accounts of Plaintiff's custodians Saul Wolhendler and Abe Goldberger for March 1, 2024 to the present, using the agreed search terms[1] (*Plaintiff is refusing to produce such ESI*);
2) responsive ESI from the text messages, SMS and WhatsApp messages from Mr. Goldberger (*Plaintiff states that Plaintiff is willing to produce such ESI, but to date none has been produced*);
3) in usable (native) format, the inaccessible ESI contained among the August 7 production of Mr. Wolhendler's text messages that Defendants identified in Defendants' counsel's August 9 emails to Plaintiff's counsel (*Plaintiff states that Plaintiff is willing to produce such ESI, but to date none has been produced*);
4) answers to the questions Defendants asked in Defendants' September 10 email concerning Plaintiff's privilege log;
5) answers to the questions Defendants asked on October 7 concerning the manner of collection and searching of Mr. Goldberger's phone data; and
6) confirmation that Mr. Goldberger's yespac.com email account was searched and that all responsive ESI from that account has been produced.

(collectively, "Plaintiff's Outstanding ESI").

**The Discovery Issues Outstanding on August 10**

On August 10, 2026, Defendants sought an extension of the fact discovery deadline because Plaintiff had produced text messages from only one of its ESI custodians (i.e., Saul Wolhendler), had produced no personal emails from any custodian, and had produced multiple

[1] Defendants' initial Letter-Motion sought to compel the production of ESI from five (5) Plaintiff custodians. As a result of the parties' meet-and-confers, this Updated Letter-Motion seeks the production of outstanding ESI from only two (2) of Plaintiff's ESI custodians, i.e., Saul Wolhendler and Abe Goldberger.

links and attachments among the Wolhendler text messages in unusable format. [ECF 74] The Court extended the deadline to October 11, 2026 and authorized a motion to compel, if necessary. [ECF 76]

**The Parties' Prior Meet-and-Confers**

Between August 11 and September 8, 2026, the parties conferred repeatedly, without success. On September 8, Defendants moved to compel [ECF 79], and on September 15 the Court denied the motion without prejudice because the parties had not yet engaged in a sufficient meet-and-confer process. [ECF 81]

Between September 15 and October 7, 2026, the parties conferred further, and the conferrals were productive, in part. The parties' email exchanges since September 15 concerning Plaintiff's Outstanding ESI are annexed as **Exhibit A**, and the parties' letters are annexed as **Exhibit B**.

However, at present: a) Plaintiff has produced no additional documents since August 7; b) Plaintiff is refusing to search for ESI from Plaintiff's custodians' personal email accounts; c) there are multiple questions surrounding the manner in which Mr. Goldberger's messaging data was collected and searched (although no such ESI has yet been produced); and d) Plaintiff has not answered any of Defendants' questions concerning Plaintiff's privilege log. (*See* **Exhibit C**.)

**I. Plaintiff Should Be Compelled to Search its Custodians' Personal Email Accounts**

Plaintiff should be ordered to produce responsive ESI from Messrs. Wolhendler's and Goldberger's personal email accounts, for three reasons.

First, the parties' ESI Protocol (**Exhibit D**) calls for production of ESI from personal email accounts. Courts enforce agreed-upon ESI protocols. See Pincus Law Grp. PLLC v. MJ Connections, Inc., 2025 U.S. Dist. LEXIS 68087, *9 (E.D.N.Y. Apr. 9, 2025) ("Where a dispute arises as to the production of ESI, an ESI protocol that has been mutually entered into by the parties will govern so long as the protocol addresses the issue."). Here, the parties' ESI Protocol addresses the issue because it lists "Email Server Stores (*e.g.*, Gmail …)" as ESI (§ I.A), and defines an email's custodian as "the owner of the mailbox" (§ I.B).

Second, Plaintiff should handle its personal email ESI in the same way Plaintiff pressed Defendants to handle theirs. Plaintiff's counsel pressed Defendants for the production of Defendants' personal Gmails, based on a single email that Plaintiff believed showed Defendants' "business communications being moved to Gmail." Plaintiff objected to Defendants' custodians searching their personal emails "unsupervised." Accordingly, Defendants arranged for Defendants' ESI vendor to collect and run the entire set of search terms through Defendants' custodians' personal email accounts. Plaintiff should engage in the same process.

Third, while Plaintiff disagrees that the ESI Protocol calls for production of personal emails, Plaintiff stated Plaintiff would produce such ESI if Defendants could show a basis to believe that discoverable information resides in the personal email accounts. To that end, Defendants provided Plaintiff with several documents from Plaintiff's production that show that discoverable information resides in Plaintiff's custodians' personal email accounts.[2]

[2] Defendants' October 7 email pointed to the following examples: **FLYBAR00001805**: On 9/22/24, Mr. Goldberger emailed himself from abeg1883@gmail.com to abe@yespac.com the Assignment Agreement redlines (subject "Surf9"), then forwarded them to Express Trade Capital; **FLYBAR00016139**: Mr. Wolhendler's 9/19/24 email to Mr. Chenciner on the Assignment Agreement copies abeg1883@gmail.com; and **FLYBAR00027573**–80: Mr. Wolhendler's iPhone export of his iMessage thread with Mr. Estrakh about the transaction lists

**II. Plaintiff Should Be Compelled to Explain How Plaintiff Collected and Searched Mr. Goldberger's Messaging Data**

Plaintiff's counsel previously stated that he believed Mr. Goldberger's devices contain no responsive ESI; Defendants asked whether that belief rested on Mr. Goldberger's own representation or whether Plaintiff's ESI vendor had collected the devices and run the agreed terms. (**Ex. B**, Def. Sept. 19 letter.) Plaintiff's October 7 letter says only that Plaintiff "searched Mr. Goldberger's phone data using broad and inclusive search terms, and counsel reviewed the results," and that it will produce "any responsive" material this week. (**Ex. B**, Pl. Oct. 7 letter.)

Plaintiff should be required to answer Defendants' follow-up questions: who ran the searches (counsel, Plaintiff's ESI vendor, or Mr. Goldberger himself) and on which devices; whether the data was copied by a vendor before it was searched or the devices were searched in place; which messaging applications and accounts were searched; the date range; and whether the agreed search terms were run and, if not, why not. Counsel must "monitor compliance so that all sources of discoverable information are identified and searched," In re OpenAI, Inc., Copyright Infringement Litig., 2025 U.S. Dist. LEXIS 253077, *56 (S.D.N.Y. Dec. 3, 2025), and where the method is unclear, the remedy is "a letter outlining the specific search methodology employed." Lollytogs, Ltd. v. Meadow Oaks Educ. Found., 2025 U.S. Dist. LEXIS 140810, *3–4 (S.D.N.Y. July 23, 2025).

**III. An Extension of the Fact Discovery Deadline Is Needed**

Depositions cannot proceed sensibly until Plaintiff's Outstanding ESI is produced and reviewed. Defendants raised these deficiencies on August 9, obtained the prior extension [ECF 74, 76], conferred repeatedly [**Exs. A–B**] both before and after Defendants' initial motion to compel filed on September 8 [ECF 79]. However, Plaintiff has produced nothing since August 7. Good cause under Rule 16(b)(4) turns on the moving party's diligence, Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000), and the delay here stems from Plaintiff's incomplete production. Plaintiff has not consented to an extension. However, courts extend discovery to complete ordered production. See Lollytogs, 2025 U.S. Dist. LEXIS 140810, *1. Defendants request that Plaintiff's Outstanding ESI be produced within 10 days of the Court's order and that the fact discovery deadline be extended to November 20, 2026.

**Conclusion**

For the above reasons, Defendants respectfully request that the Court grant Defendants' Updated Letter-Motion. We thank the Court for its assistance.

Respectfully,

Lon J. Seidman

LS: Encls.

saul.wolhendler@gmail.com among the identifiers for his account, which shows that Mr. Wolhendler's personal account is tied to the device Mr. Wolhendler used for these business communications. These three examples are annexed as **Exhibit E.**