# Exhibit B

LAMONICA HERBST & MANISCALCO, LLP
*Moving Forward. Staying Ahead.®*

**Lon J. Seidman, Esq.**
**Partner**
**516.826-6500 x207**
ls@lhmlawfirm.com

September 19, 2026

**VIA EMAIL**
Stephen Schweizer, Esq.
Oved & Oved LLP
401 Greenwich Street
New York, NY 10013

**Re: Flybar Inc. v. Express Trade Capital, Inc., *et al.*,**
**Case No. 1:25-cv-00618-VSB-GS**

Dear Stephen,

This is to follow-up on our telephonic meet-and-confer from September 17, 2026 in accordance with the Court's September 15, 2026 Order (ECF No. 81). As we discussed, there are multiple items of document discovery that Plaintiff needs to complete before the parties can proceed with depositions.

**1. Abe Goldberger text messages.** To date, Plaintiff has produced no ESI from any of Abe Goldberger's electronic devices. You stated that you believe that Abe Goldberger's devices contain no responsive ESI material. We asked that you confirm that that belief is not based solely on Mr. Goldberger's own representation and confirm that Plaintiff's ESI vendor has collected Mr. Goldberger's electronic devices and arranged for the agreed search terms to be run. We ask that Plaintiff produce any responsive ESI promptly or confirm in writing that no responsive ESI exists after Plaintiff's ESI vendor has collected and searched Mr. Goldberger's electronic devices.

**2. Ken Siletski text messages.** Similarly, Plaintiff's ESI vendor needs to collect Mr. Siletski's electronic devices and Plaintiff needs to promptly produce any responsive ESI or confirm in writing that no responsive ESI exists after Plaintiff's ESI vendor has collected and searched his electronic devices.

**3. Inaccessible items in the Wolhendler production (Bates FLYBAR00027659, 027688, 027633, 027781–82, 027793).** You explained that Plaintiff's ESI vendor is working on restoring these items (voice memos and other embedded files) to usable/native form, consistent with the parties' ESI Protocol and FRCP 34(b)(2)(E)(ii).

**4. Privilege log responses.** You stated you expect to respond to Defendants' questions concerning Plaintiff's privilege log by early next week. We stated that we believe that the Defendants have already answered Plaintiff's questions concerning Defendants' privilege log but that if you believe there are any outstanding questions, you can let us know what those are and we will arrange to have them promptly answered.

**5. Personal email (Gmail) accounts of Plaintiff's custodians.** You explained that Plaintiff has not had its ESI vendor search any of its custodians' personal Gmail accounts and Plaintiff believes that it is not required. Defendants disagree and we agreed that after exhausting

our meet and confers on this issue, the parties have reached an impasse. Although Defendants' position is that this personal email collection is required under the parties' ESI Protocol, the Defendants are currently considering whether a narrower, shorter list of proposed search terms (rather than the full set of terms previously agreed) might be acceptable. Defendants will respond further on this point this coming week.

**6. Deposition scheduling**. You asked that Abe Goldberger's deposition be split over two back-to-back mornings, and the Defendants have agreed to your request. We agreed that counsel would compare calendars and coordinate on potential dates for the 4 party witness depositions as well as the depositions of non-parties John Chenciner and Marshall Crosby.

**7. Extension of the fact discovery deadline.** As we discussed, we need to resolve the above document issues in advance of the depositions.

Given the outstanding items, and Brian Waller's and Alexandra Dement's trial commitments beginning September 21, and my being out of the country from the afternoon of September 24 through October 5, an extension of the current October 11, 2026 fact discovery deadline is necessary. If Plaintiff will arrange to provide items 1-4 above promptly, we propose the parties jointly request that the Court extend the deadline to complete fact discovery (i.e., the depositions) to November 15, 2026.

Defendants remain hopeful the parties can resolve the above without further Court involvement consistent with the Court's September 15 Order.

I can be available to meet and confer with you further on Tuesday or Wednesday or Thursday morning of this coming week, if you'd like.

Regards,

Lon J. Seidman

cc:
Brian D. Waller, Esq. (bwaller@pecklaw.com)
Alexandra Dement, Esq. (adement@pecklaw.com)
Andrew J. Urgenson, Esq. (andrew@oved.com)
Kendall Coniaris, Esq. (KConiaris@oved.com)
Aleksandra Lamontanaro, Esq. (ALamontanaro@oved.com)

OVED & OVED

ATTORNEYS

October 7, 2026

**VIA EMAIL**

Lon J. Seidman, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793

Re: ***Flybar Inc. v. Express Trade Capital, Inc. et al., No. 1:25-cv-00618-VSB-GS***

Dear Lon:

We write in response to your September 19, 2026, letter regarding the parties' September 17 meet-and-confer, and further to our call of October 6. Plaintiff's positions on the items you raised are set out below.

**Abe Goldberger text messages.** Plaintiff searched Mr. Goldberger's phone data using broad and inclusive search terms, and counsel reviewed the results. Plaintiff intends to produce any responsive, nonprivileged material identified through that process this week, as part of its rolling supplemental production.

**Ken Siletski text messages.** Mr. Siletski is a former employee, and his device is not within Plaintiff's possession, custody, or control. Plaintiff is therefore not in a position to collect or search that device.

**Wolhendler WhatsApp and media items.** Plaintiff intends to produce the remaining responsive WhatsApp and media items identified in your letter this week, on a rolling basis, including usable and native versions where available.

**Privilege log.** Plaintiff intends to provide its responses to Defendants' September 10 questions concerning Plaintiff's privilege log, together with any corresponding log updates, together with the rolling production.

**Personal email accounts.** Plaintiff's position on this issue is unchanged.

**Deposition scheduling.** Plaintiff remains available to coordinate dates for the remaining party and nonparty depositions, including Mr. Goldberger's two consecutive morning sessions.

**Fact-discovery deadline.** Plaintiff does not consent to a joint request to extend the fact-discovery deadline.

Please let us know if you would like to discuss any of the above.

Sincerely,

/s/ Stephen Schweizer, Esq.
OVED & OVED LLP