**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
FLYBAR INC.,

Plaintiff,

-against-

EXPRESS TRADE CAPITAL, INC., *et al.,*

Defendants.
------------------------------------------------------------------------X

**25 Civ. 618 (VSB) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On October 26, 2026, the Court held a video discovery conference on Defendants' letter-motion dated October 9, 2026, seeking to compel Plaintiff to produce certain outstanding ESI. (Dkt. No. 83; *see also* Dkt. No. 84 (Plaintiff's opposition letter)). The parties informed the Court at the outset of the conference that following their meet-and-confers, and Plaintiff's subsequent production of responsive documents, the remaining live disputes raised in Defendants' motion to compel concern: (1) the production of responsive ESI from the personal email accounts of Plaintiff's custodians Saul Wolhendler and Abe Goldberger ("Request No. 1"), and (2) responsive ESI from Mr. Goldberger's text messages, SMS, and WhatsApp messages ("Request No. 2") along with clarification regarding the method of search, collection, and review of the same ("Request No. 5").

Request No. 1

Defendants contend that the ESI Protocol in this case expressly contemplates the collection of personal emails and requires Plaintiff to comply with Request No. 1. (Dkt. No. 83 at 2 & Dkt. No. 83-4 (ESI Protocol)). Plaintiff disputes this interpretation and construes the Protocol as *foreclosing* the possibility of searching the custodians' personal email accounts. (Dkt. No. 84 at 3). For the reasons set forth at the conference, the Court disagrees with both

parties' reading of the ESI Protocol. There is no language in the Protocol either requiring the production of ESI from personal email accounts or relieving any party from producing such material.

As the ESI Protocol does not answer the question, the Court considers Defendants' motion in light of the applicable legal standard: whether there is sufficient reason to believe that the personal email account was used for work purposes so as to justify a search for responsive ESI. *See, e.g., Precision Medicine Group, LLC v. Blue Matter, LLC*, 2020 WL 7352509, at *3-4 (S.D.N.Y. 2020) (denying plaintiff's request for an ESI search of personal email accounts where plaintiff "failed . . . to show any justification to search [the custodian's] personal email accounts for responsive ESI"); *Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25 Civ. 428 (SJB) (JMW), 2025 WL 1582250, at *4 (E.D.N.Y. June 4, 2025) ("where courts have directed the production of ESI from personal devices, the parties in those cases have set forth specific, prior incidents or examples where the employee's personal accounts or mobile devices were used for work purposes, thus revealing a valid justification for their suspicion." (cleaned up)).

While the issue is a close one, the Court finds that Defendants have provided adequate justification for their request. The record shows that Mr. Goldberger has used his personal email account for business purposes. Emails produced by Plaintiff to Defendants evidence that on at least one occasion, Mr. Wolhendler copied Mr. Goldberger's personal email on business communications (Defendants' Exhibit E-2), and on another occasion, Mr. Goldberger sent business-related documents from his personal email account to his business email account (Defendants' Exhibit E-1). (*See* Dkt No. 83-5 at 1-14). In addition, though the significance of this is far less clear, Mr. Wolhendler's cellphone is linked to his personal email account (Defendants' Exhibit E-3). (*See* Dkt. No. 83-5 at 15-23).

Plaintiff argues that because the documents and communications identified by Defendants were also found on Mr. Goldberger's business email account and, hence, were produced by Plaintiff, any search of its custodians' personal emails would not reveal non-cumulative responsive ESI. (Dkt. No. 84 at 3). The Court disagrees. At the conference, Plaintiff's counsel stated that he has not spoken with Mr. Wolhendler or Mr. Goldberger about the documents highlighted by Defendants, and was unable to explain why (or how) Mr. Goldberger had received a business agreement from his personal email account (Defendants' Exhibit E-1) or why Mr. Wolhendler copied Mr. Goldberger's personal email address on a business-related communication (Defendants' Exhibit E-2). Under these circumstances, the Court cannot have confidence that other business-related communications that may be on the custodians' personal email addresses would be merely cumulative of information that appears in their business email accounts.

Moreover, on the basis of Plaintiff's identification of a single email in which one of Defendants' custodians requested that another check his Gmail, Defendants collected personal email data for three custodians (including one individual not involved in the email exchange identified by Plaintiff) and ran all agreed upon search terms. (*See* Dkt. No. 83 at 2). While discovery is not a "tit-for-tat" proposition, *see Sun v. Geffen*, No. 25 Civ. 995 (AT) (GS), 2026 WL 353608, at *2 (S.D.N.Y. Feb. 9, 2026), fairness suggests that Plaintiff should likewise collect data from its custodians' personal email accounts. Mr. Goldberger and Mr. Wolhendler (like the custodians for whom Defendants produced personal email information) are key witnesses in the case and are the only two representatives of Plaintiff whom Defendants will be deposing. Given that this is a $20 million commercial dispute between two corporate entities (*see* Dkt. No. 1), and that Defendants are asking Plaintiff to conduct the exact search Defendants

performed at Plaintiff's request, Rule 26(b)(1) principles, on balance, weigh in favor of granting Defendants' Request No. 1.

Request Nos. 2 & 5

Plaintiff stated at the conference with regard to Request Nos. 2 and 5 that it is willing to discuss with Defendants the scope of the search conducted for Mr. Goldberger's text messages, SMS, and WhatsApp messages and come to an agreement on these issues. As a result, the Court directs the parties to engage in meet and confer discussions and provide a joint status report concerning these issues by no later than Wednesday, November 4, 2026.

For the reasons set forth above, Defendants' motion to compel Plaintiff's production of outstanding ESI is **GRANTED IN PART**.

**SO ORDERED.**

DATED: New York, New York
October 28, 2026

The Honorable Gary Stein
United States Magistrate Judge